UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SYED K. RAFI, <br>          Plaintiff, <br><br> v. <br><br> BRIGHAM AND WOMEN'S HOSPITAL, ET AL., <br>          Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | CIVIL ACTION NO. 14-14017-GAO |
| SYED K. RAFI, <br>          Plaintiff, <br><br> v. <br><br> CHILDREN'S HOSPITAL, BOSTON, ET AL., <br>          Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | CIVIL ACTION NO. 14-14025-GAO |

MEMORANDUM AND ORDER

O'TOOLE, D.J.

BACKGROUND

I.     Case No. 1: Rafi v. Brigham and Women's Hospital, et al., Civil Action No. 14-14017-GAO

On October 27, 2014, Plaintiff Syed K. Rafi, PhD ("Rafi"), a resident of Kansas City, MO, filed a self-prepared Complaint against: (1) Brigham and Women's Hospital ("BWH"); (2) Children's Hospital Boston ("CHB"); Massachusetts General Hospital ("MGH"); and (4) Harvard Medical School ("HMS"). He alleges this Court has jurisdiction pursuant to Section 1332 of Title 28 of the United States Code (diversity of citizenship) because the parties are diverse and the amount in controversy exceeds $75,000.00. See 28 U.S.C. § 1332. Notwithstanding this assertion, however, his stated causes of action involve retaliation in

violation of Titles VI and VII of the Civil Rights Act of 1964.  In view of this, jurisdiction may also properly arise under the federal question jurisdiction of this Court.  See 28 U.S.C. § 1331.

The Complaint is not entirely understandable, but it appears that Rafi first alleges that, starting in 2004, he was retaliated against by the Defendants because of a lawsuit he filed in the District of Columbia against the National Institute of Health ("NIH") and the U.S. Department of Health and Human Services.  In that action, Rafi, who was an NIH volunteer researcher, sought to have his position qualify as "employment" covered by Title VII and the Age Discrimination in Employment Act, in order to assert a claim of discrimination in the failure to offer him a position.  In this case, Rafi claims that the Defendants initially considered his professional job applications, but the NIH suit was discovered either through a background check, or otherwise.  He further alleges that because the Defendants are recipients of NIH research grants (amounting to hundreds of millions of dollars annually), they would not consider him for an interview for more than 60 professional clinical and research jobs for which he applied.  Compl. (Docket No. 1 at 5).

Rafi also alleges that he was retaliated against because of a letter he wrote to the Chair of the Genetics Department at Yale School of Medicine about a professor at the school.

Rafi filed administrative complaints against BWH, CHB and HMS with the Equal Employment Opportunity Commission ("EEOC").  He received "right to sue" letters; however, he did not submit any "right to sue" letter with respect to MGH, and it is unknown whether he exhausted his administrative remedies as to MGH.

Along with his Complaint, Rafi filed a Motion for Leave to Proceed *in forma pauperis* (Docket No. 2), and a Motion for Appointment of Counsel (Docket No. 3).  On January 22, 2015, Rafi filed a Notice of Separation from Employment (Docket No. 8).  Thereafter, on April

17, 2015, Rafi filed a Supplement to his *in forma pauperis* motion, with several exhibits in support (Docket No. 9).

II.  Case No. 2: Rafi v. Children's Hospital, et al., Civil Action No. 14-14025-GAO

Shortly after filing the first civil action, on November 18, 2014, Rafi filed a second civil action against CHB and HMS.[1] The allegations in the Complaint are substantially identical to the first lawsuit except that in the second action, he does not allege retaliation based on his NIH lawsuit.

Along with his Complaint, Rafi filed a Motion for Leave to Proceed *in forma pauperis* (Docket No. 3), and a Motion for Appointment of Counsel (Docket No. 2). On April 17, 2015, Rafi filed a Supplement to his *in forma pauperis* motion, with several exhibits in support (Docket No. 9).

## DISCUSSION

I.  The Motions for Leave to Proceed *In Forma Pauperis*

Upon review of Rafi's detailed financial affidavit and exhibits in support, this Court finds that he lacks funds to pay the $400.00 filing and administrative fees for each of his two civil actions. Accordingly, his Motions for Leave to Proceed *in forma pauperis* (Docket No. 2 in Civil Action No. 14017-GAO and Docket No. 3 in Civil Action No. 14014205-GAO) are ALLOWED.

II.  Screening of the Complaints

Because Rafi is proceeding *in forma pauperis*, his two Complaints are subject to

---

[1] Rafi references HMS's affiliated hospitals, BWH, CHB, MGH, Beth Israel Medical Center, Dana Farber Cancer Institute and Tufts University Medical Center, although he does not expressly name these entities as Defendants.

3

screening under 28 U.S.C. § 1915(e)(2). This statute authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action is malicious, frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2).

Although Rafi's two Complaints do not comport with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure,[2] this Court considers there is sufficient notice of his claims to let these two cases proceed at this time. Because Rafi previously has filed administrative complaints with the EEOC, it seems likely that the Defendants have already been put on notice of at least the general gist of his claims. In any event, should any of the Defendants need further information in order to respond to the Complaint, they may file motions for a more definite statement pursuant to Rule 12(e) or some other appropriate motion.

Accordingly, summonses shall issue as to BWH, CHB, MGH and HMS in connection with Civil Action No. 14-14107-GAO, and CHB and HMS in connection with Civil Action No. 14-14025-GAO. Moreover, since Rafi is proceeding *in forma pauperis*, the Court will direct that the United States Marshal Service effect service of process as directed by Rafi.

III.    Motions for Appointment of *Pro Bono* Counsel

Under 28 U.S.C. § 1915(e)(1), the court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). A civil plaintiff, however, does not have a constitutional right to free counsel. DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991). In order to qualify for appointment of counsel, a party must be indigent and exceptional

---

[2] Under Rule 8, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). As noted above, his Complaints are not entirely coherent or organized. The allegations are repetitious and he includes pages of legal argument and extraneous comments.

4

circumstances must exist such that denial of counsel will result in fundamental unfairness impinging on the party's due process rights. Id.. To determine whether exceptional circumstances sufficient to warrant the appointment of counsel are present in a case, the court must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent him or herself. Id. at 24.[3]

At this juncture, this Court cannot find that exceptional circumstances exist that would warrant appointment of counsel in this case. While Rafi is unskilled in the law, he appears to be highly educated. Further, although this Court is permitting the two cases to proceed at this time, there are many legal issues raised by the Complaints, including, *inter alia*, whether his claims are barred in whole or part by the statute of limitations or are preserved by the continuing violation doctrine,[4] whether he has exhausted administrative remedies as to all of the Defendants, whether

---

[3]The standard is less stringent in employment discrimination cases. See, e.g., Gadson v. Concord Hosp., 966 F.2d 32, 35 (1st Cir. 1992) (stating: "[a] district court considers three factors in determining whether to appoint counsel to a *pro se* plaintiff under Title VII: (1) the merits of plaintiff's case; (2) the efforts by plaintiff to obtain legal representation; and (3) the plaintiff's financial ability."). "Any one of the three factors may be determinative." Id. at 36 (citing Darden v. Illinois Bell Telephone Co., 797 F.2d 497, 501 (7th Cir. 1986)). Even under this standard, this Court does not consider appointment of *pro bono* counsel at this time to be prudent.

[4]Rafi seeks to invoke the "continuing violation doctrine" to preserve his claims that otherwise would be time barred. The "continuing violation doctrine" provides a narrow exception to the limitations period. It benefits a plaintiff who failed to file timely an administrative complaint with a state anti-discrimination agency or the EEOC, and it permits an aggregation of a defendant's wrongful conduct that otherwise would be barred by the statute of limitations so long as the related conduct fell within the limitations period. See Pérez–Sánchez v. Pub. Bldg. Auth., 531 F.3d 104, 107 (1st Cir. 2008). See also Tobin v. Liberty Mut. Ins. Co., 553 F.3d 121, 130 (1st Cir.2009). The doctrine, however, does not apply to "discrete acts" of alleged discrimination that occur on a particular day. Aya v. Shinseki, 780 F.3d 52, 57 (1st Cir. March 6, 2015). Rather, "it applies only to claims that cannot be said to occur on a particular day and that by their very nature require repeated conduct to establish an actionable claim, such as hostile work environment claims." Id.. citing Tobin, 553 F.3d at 130. Further, the Supreme Court has stated that "termination, failure to promote, denial of transfer, or refusal to hire" are easily identifiable discrete acts instantaneously actionable. Pérez–Sánchez, 531 F.3d at 57

these lawsuits are timely filed with respect to some of the Defendants (as it appears the 90-day period for filing suit was not met), and whether there is any impact on these cases because of a prior lawsuit filed by Rafi in Connecticut.

While it may be difficult for Rafi to proceed *pro se*, this Court nevertheless must balance the merits of his claims with the expenditure of scarce *pro bono* resources. On the balance, use of such resources does not appear justifiable at his point. If and/or when the Defendants have filed responses, Rafi may seek appointment of counsel provided he set forth exceptional circumstances justifying appointment in view of the Defendants' responses.

Accordingly, Rafi's Motion for Appointment of Counsel (Docket No. 3 in Civil Action No. 14-14017-GAO) and his Motion for Appointment of Counsel (Docket No. 2 in Civil Action No. 14-14205-GAO) are DENIED.

## CONCLUSION

Based on the foregoing, it is hereby Ordered that:

1. Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Docket No. 2 in Civil Action No. 14-14017-GAO) is ALLOWED;

2. Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Docket No. 3 in Civil Action No. 14-14205-GAO) is ALLOWED;

3. The Clerk shall issue summonses as to BWH, CHB, MGH and HMS in connection with Civil Action No. 14-14107-GAO, and CHB and HMS in connection with Civil Action No. 14-14025-GAO;

4. The Clerk shall send the summonses, Complaints, and this Memorandum and Order to the Plaintiff, who must thereafter serve the Defendants in accordance with Federal Rule of Civil Procedure 4(m). The Plaintiff may elect to have service made by the United States Marshal Service. If directed by the Plaintiff to do so, the United States Marshal shall serve the summonses, Complaints, and this Memorandum and Order upon each of

---

quoting National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 114 (2002) (emphasis in underline added).

the Defendants, in the manner directed by the Plaintiff, with all costs of service to be advanced by the United States Marshal Service. Notwithstanding Fed. R. Civ. P. 4(m) and Local Rule 4.1, the plaintiff shall have 120 days from the date of this Order to complete service;[5]

5. Plaintiff's Motion for Appointment of Counsel ( (Docket No. 3 in Civil Action No. 14-14017-GAO) is <u>DENIED</u>; and

6. Plaintiff's Motion for Appointment of Counsel (Docket No. 2 in Civil Action No. 14-14205-GAO) is <u>DENIED</u>.

SO ORDERED.

/s/ George A. O'Toole, Jr.
GEORGE A. O'TOOLE, JR.
UNITED STATES DISTRICT JUDGE

DATED: April 30, 2015

---

[5]Notwithstanding that Rafi is proceeding *in forma pauperis*, he is advised that he is responsible for providing the necessary information and paperwork to the United States Marshal Service.