UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 14-14017-GAO

SYED K. RAFI, PhD.,
Plaintiff,

v.

BRIGHAM AND WOMEN'S HOSPITAL, CHILDREN'S HOSPITAL BOSTON,
MASSACHUSETTS GENERAL HOSPITAL, and HARVARD MEDICAL SCHOOL,
Defendants.

CIVIL ACTION NO. 14-14205-GAO

SYED K. RAFI, PhD.,
Plaintiff,

v.

CHILDREN'S HOSPITAL BOSTON and HARVARD MEDICAL SCHOOL,
Defendants.

ORDER
March 4, 2016

O'TOOLE, D.J.

The plaintiff, acting pro se, initiated the above captioned actions alleging what appear to be claims for employment discrimination in violation of Title VI and/or Title VII of the Civil Rights Act of 1964. All of the defendants have moved to dismiss these claims for failure to state a claim upon which relief can be granted, and some have also moved under Rule 12(e) for the plaintiff to provide a more definite statement of his claims. See Fed. R. Civ. Pro. 12(b)(6), 12(e).

The plaintiff's claims are unclear. The complaints do not comply with Rule 8's command that a complaint contain "a short and plain statement of the claim" or with Rule 10(b)'s requirement that pleadings be written in separately numbered paragraphs, "each limited as far as practicable to

a single set of circumstances." See Fed. R. Civ. Pro. 8, 10. Nor is either complaint coherent enough that it can fairly be said that it states "a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

The parties have been treating these two cases as one by, among other things, filing nearly identical papers in each. Because the cases share overlapping questions of law and fact, these actions are consolidated for all purposes. See Fed. R. Civ. Pro. 42. All papers shall hereafter be filed under the caption for the first filed case, Civil Action No. 14-14017-GAO.

In order for the defendants to be put on adequate notice of the claims against them and for them to have an adequate opportunity to respond, the plaintiff must file a clearer consolidated complaint. That complaint must identify specific facts outlining the claims against each of the separately named defendants.

Within thirty-five days of the date of this Order, the plaintiff shall file and serve a consolidated complaint that complies with Rules 8 and 10. That complaint should contain the factual basis of the plaintiff's claims and be coherently pled. The plaintiff is advised that this action is subject to dismissal if he fails to comply with the directives contained in this Order. The defendants shall answer or move with respect to the consolidated complaint within twenty-one days after its service.

Accordingly, Harvard Medical School's Motion to Dismiss (dkt. no. 26 in 14-14017 and dkt. no. 18 in 14-14205), Brigham and Women's Hospital, Inc. and The General Hospital Corporation d/b/a Massachusetts General Hospital's Motion to Dismiss, or in the Alternative, for a More Definite Statement (dkt. no. 28 in 14-14017), and Boston Children's Hospital's Motion to Dismiss or, in the Alternative, for a More Definite Statement (dkt. no. 29 in 14-14017 and dkt. no.

20 in 14-14205) are all GRANTED to the extent outlined above and otherwise DENIED without prejudice.

The plaintiff's Motion to File Replies to Harvard Medical School's Second Response (dkt. no. 46 in 14-14017 and dkt. no. 36 in 14-14205) is DENIED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.<br>United States District Judge