UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 14-14017-GAO

SYED K. RAFI, PhD.,
Plaintiff,

v.

BRIGHAM AND WOMEN'S HOSPITAL, CHILDREN'S HOSPITAL BOSTON,
MASSACHUSETTS GENERAL HOSPITAL, and HARVARD MEDICAL SCHOOL,
Defendants.

OPINION AND ORDER
March 20, 2017

O'TOOLE, D.J.

Acting *pro se*, the plaintiff, Syed K. Rafi, purports to allege violations under Title VI and
Title VII of the Civil Rights Act of 1964.[1] The gist of the plaintiff's grievances against all
defendants seems to be his belief that the defendants conspired to deny his myriad applications for
employment, and that their failure to hire him was the consequence of discrimination and/or
proscribed retaliation. The defendants have moved to dismiss the claims pursuant to Federal Rules
of Civil Procedure 8(a)(2) and 12(b)(6) (dkt. nos. 60, 62, 64). The plaintiff has opposed these
motions (dkt. nos. 72, 74, 75) and has renewed his motion for appointment of pro bono counsel
(dkt. no. 80).

This case originated as two separate actions, one against Brigham and Women's Hospital,
Children's Hospital Boston, Massachusetts General Hospital, and Harvard Medical School, and
the other against Children's Hospital Boston and Harvard Medical School. The defendants in both

---

[1] The amended complaint also cites Title IX of the Civil Rights Act and 42 U.S.C. §§ 1981, 1982,
and 1983, but without genuine elaboration. Merely mentioning a statute, without more, is
insufficient to state a claim for relief under that statute.

actions moved to dismiss the plaintiff's claims pursuant to Rule 12(b)(6), and some defendants also moved under Rule 12(e) for the plaintiff to provide a more definite statement of his claims.

Pursuant to this Court's March 4, 2016 Order (dkt. no. 48), because of the similarity of the claims the two actions were consolidated. That Order also explained the minimal pleading requirements under Rules 8 and 10 of the Federal Rules of Civil Procedure and notified the plaintiff that his original pleadings did not satisfy those requirements. He was given leave to replead his claims in the consolidated case, but he was admonished to comply with the procedural pleading rules or risk the dismissal of his action. The plaintiff subsequently filed a restated complaint (dkt. no. 54).

The amended complaint, however, does not comply with the relevant rules, and therefore does not comply with this Court's directive. It is fifty-eight pages long, is interspersed with supporting documentation, and attaches more than 300 pages of exhibits. Among other things, Rule 8 requires "a *short* and *plain* statement" of the claims "showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). The amended complaint filed by the plaintiff is neither short nor plain in its allegations. It is verbose and convoluted, and in places it is difficult to understand.

The problem is not just the form of the complaint. Equally or more important is that it fails to plead factual allegations that state a plausible claim for relief. From what can be gleaned, the plaintiff raises two theories of retaliation. First, the plaintiff alleges that he filed a discrimination lawsuit against the National Institutes of Health ("NIH"), and that the defendants might have become aware of that lawsuit and, knowing of the suit, declined to hire the plaintiff so that they would not jeopardize their eligibility for NIH funding. Second, the plaintiff claims (not all that

coherently) that the defendants failed to hire him as a result of machinations to assist a particular doctor to obtain re-employment at the Yale School of Medicine.

Fatally, the bare bones of these allegations are not fleshed out with facts to support the essential propositions (1) that the plaintiff's actions amounted to protected conduct under Title VI or Title VII, or (2) that any of the defendants' actions were motivated by the plaintiff's purportedly protected conduct or by his sex, religion, race, color, or national origin, as required to make out a claim under Title VI and Title VII. See 42 U.S.C. §§ 2000d, 2000e-2(a)(1), 2000e-3; 28 C.F.R. § 42.107(e). In short, the complaint "stops [well] short of the line between possibility and plausibility," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 546 (2007)), and thus fails to state a claim upon which relief can be granted, see Fed. R. Civ. P. 12(b)(6).

The plaintiff is acting *pro se*, and is therefore due some indulgence in meeting the expected standards for properly framing and asserting a claim. But he appears to be a well-educated man, and after the defects of the prior pleading were explained to him and he was given the opportunity to recast his complaint, he essentially repeated the prior errors.

Accordingly, for the failure to comply with the directives contained in this Court's prior Order (dkt. no. 48), and for the plaintiff's failure to set forth plausible claims upon which relief may be granted, Harvard Medical School's Motion to Dismiss (dkt. no. 60), Children's Hospital Boston's Motion to Dismiss (dkt. no. 62), and Brigham and Women's Hospital, Inc. and The General Hospital Corporation d/b/a Massachusetts General Hospital's Motion to Dismiss (dkt. no. 64) are all GRANTED.

This action is DISMISSED with prejudice.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge